IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

EMMANUALA OBI,

      Plaintiff,

v.                Civil Action No. 3:12-cv-00825-JAG

DR. WELDON HILL and
VIRGINIA STATE UNIVERSITY,
      Defendants.

## ORDER

THIS MATTER is before the Court on the *pro se* plaintiff's Particularized Complaint. (Dk. No. 4.) The *pro se* plaintiff filed her Particularized Complaint on November 27, 2012 in an attempt to comply with this Court's order from November 19, 2012. (Dk. No. 2).

The plaintiff's current federal claims, however, fail to state a claim upon which relief can be granted, and they must be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over the remaining state law claims, pursuant to 28 U.S.C. § 1367(c), and they will also be DISMISSED WITHOUT PREJUDICE.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While courts should liberally construe *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278

(4th Cir. 1985). The court need not "attempt to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has stated: "though [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett* 775 F.2d 1274, 1276. In other words, "[d]istrict judges are not mind readers." *Id.* at 1278. Additionally, 28 U.S.C. § 1915(e)(2)(B), provides that this court "shall dismiss" an action filed *in forma pauperis* "at any time if the court determines" that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

Upon review of Obi's Particularized Complaint, this action must be dismissed for failure to state a claim. The plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which their liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In particular, the plaintiff's complaint fails to provide a sufficient recitation of the *facts* underlying her claims against the defendants. A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action;'" when it fails to do so, it is subject to dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255–56 (4th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678–79. A claim becomes "facially plausible" when the complainant offers "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

While it is difficult to decipher, the plaintiff appears to be asserting a claim for violation of her rights associated with the Fourth Amendment, Fifth Amendment, and Section 4 of the 14th Amendment. The plaintiff states the following in regard to her federal claims.

> The IV Amendment states the right to be secure in person, houses, papers, and effects against unreasonable, searches and seizures shall not be violated. My complaint references to the Amendment IV on the fraudulent change in my student account, the defamation, false accusation, Coercive endangerment of Law enforcement officer and unreasonable interruption of my academic activities. The V Amendment states no person shall be deprived of liberty, nor private property be taken for public use without just compensation[.] My complaint references to the Amendment V on safety measures as regard to the legitimate role of Department heads and also on the direction from the Chair person Dr. Joyce Edward that expressed acceptance for my continue involvement with some one that did fraudulent change in my account. The XIV Amendment, on section 4: states any claim for the loss or emancipation of any slave, but all such debts, obligations and claims shall be held illegal and void[.] My complaint reference to the Amendment XIV on the Bill that resulted from the incident and the threat the school is sending on my life survival credit.

(Plf. Part. Compl.) The plaintiff asserts state law claims for (1) fraud, (2) defamation, (3) false accusation, (4) "Coercion Endangerment of law enforcement officer and vulnerability on their digression of using weapon," (5) "school not exercising safety measures," and (6) "school violating my privacy and endangering me." (*Id.*)

Even affording Obi the utmost liberal construction, this Court must dismiss the federal claims pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief can be granted. Obi has failed to adequately allege a civil rights complaint and thus has failed to state a claim upon which relief can be granted. Further, the plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S.

41, 47 (1957)). Moreover, the plaintiff has failed to include a prayer for relief. The plaintiff only states that "I pray that the expressed concern is the honest and truth, the impact shocked me severely that I have no other choice and I withdrew from the school since Feb. 2012." (Plf. Part. Compl.)

Additionally, Obi has not alleged an amount in controversy which would compel this Court to exercise diversity jurisdiction over the claims grounded in state law. Consequently, this Court declines to exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(c).

Should the plaintiff wish to appeal this Order, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

It is so ORDERED.

Let the Clerk send a copy of this Order via U.S. mail to the *pro se* plaintiff.

/s/
John A. Gibney, Jr.
United States District Judge

Date: January 2, 2013
Richmond, VA